UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-111
(3:04-cr-296)

| | | |
|---|---|---|
| WILLIAM BRIAN TORRENCE,<br>    Petitioner, | )<br>)<br>) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1); the Government's Answer and Motion for Summary Judgment, (Doc. Nos. 6 and 7); Petitioner's Reply, (Doc. No. 9); and Petitioner's Motion for an Evidentiary Hearing and for the Appointment of Counsel, (Doc. No. 10). For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed and Respondent's Motion for Summary Judgment will be granted.

I.    BACKGROUND

Petitioner was charged in a five-count Bill of Indictment with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); three counts of possession with intent to distribute cocaine base and aiding and abetting those offenses, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Two, Three and Four); and using and carrying a firearm during and in relation to a drug trafficking crime, or possessing a firearm in furtherance of such an offense, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Five). (Case No. 3:04cr296, Doc. No. 1: Indictment).

1

Petitioner pled guilty before a magistrate judge to the conspiracy and firearm charges pursuant to a written plea agreement. (Id., Doc. No. 28: Plea Agreement; Doc. No. 30: Acceptance of Plea). The Court sentenced Petitioner to 210 months' imprisonment on Count One and 60 months consecutively on Count Five, for a total of 270 months. (Id., Doc. No. 34: Judgment). The Government dismissed Counts Two, Three and Four at Sentencing. (Id.).

Petitioner timely filed a notice of appeal. (Id., Doc. No. 41). The Fourth Circuit found Petitioner's plea was knowing and voluntary and dismissed the appeal based on the waiver of appeal in his plea agreement. United States v. Torrence, 269 F. App'x 279 (4th Cir. 2008).

Petitioner timely filed the instant Motion to Vacate alleging that: (1) he was denied the effective assistance of counsel at every stage of the proceedings, specifically that counsel (a) should not have advised him to plead to the § 924(c) charge; (b) failed to recognize the Court's Rule 11 violations; (c) should have known that the guilty plea was not knowing, intelligent or voluntary; (d) failed to challenge the prior state convictions used to enhance the sentence; and (e) did not object to him being charged with cocaine base, but being punished based on crack; and (2) the Court lacked subject matter jurisdiction because the indictment failed to charge a crack cocaine offense. (Doc. No. 1).

II.     DISCUSSION

   A.     Standard of Review

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the Court must direct the government to respond. Id. The Court must then review the government's answer and any

2

materials submitted by the parties to determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Upon review, the Court has concluded that a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Additionally, summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. United Sates. v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

  B.  Grounds for Relief

    1.  Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, a petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456

3

U.S. 142, 170 (1982)). Under these circumstances, a petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If a petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because a petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id.

To challenge the validity of his guilty plea, a petitioner must show that but for counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Since some of Petitioner's claims challenge issues at sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999).

### a. Plea to § 924(c) Offense

Petitioner's first claim for relief is that his counsel was ineffective for advising him to plead guilty to Count Five, a violation of § 924(c), because his counsel knew that the firearm was only "lying on the dashboard of the vehicle" and counsel "knew the firearm did not play a part in any illegal drug transaction in the case or any other drug offense for that matter." (Doc. No. 1: Mem. at 3).

Petitioner's argument that he is not guilty of the § 924(c) violation contradicts his sworn statements made during his Plea and Rule 11 hearing. During that hearing, the magistrate judge

4

explained Count Five to Petitioner. Specifically, the court stated that "[Petitioner] and [co-defendant], aiding and abetting each other, during and in relation to a drug trafficking crime, that is, possession with intent to distribute crack, did knowingly and unlawfully use and carry a firearm, and in furtherance of the drug trafficking crime, did possess that firearm, . . . [t]his is alleged in violation of Title 18 U.S.C. § 924(c)." (Case No. 3:04cr296, Doc. No. 60: Rule 11 Hr'g Tr. at 5). The court advised Petitioner of the maximum penalty and asked him if he understood both the charges and maximum penalties. (Id. at 6). Petitioner stated that he fully understood both the charges against him and the maximum penalties. (Id.). Petitioner then twice confirmed that he was guilty of the crimes charged in Counts One and Five of the Indictment. (Id. at 9). Petitioner also responded "no, sir" when asked whether anyone threatened, intimidated or forced him to enter a guilty plea. (Id. at 14). Additionally, Petitioner told the court he had adequate time to discuss possible defenses with his attorney and was satisfied with the services of his attorney. (Id. at 15).

At his sentencing hearing, Petitioner explained that he pled guilty because he had committed the crimes charged in Counts One and Five of the Indictment. (Case No. 3:04cr296, Doc. No. 61: Sent. Hr'g Tr. at 2). Petitioner also told the Court that he had reviewed and understood the Presentence Report (PSR), which contained an "offense conduct" section establishing a factual basis for his guilty pleas. (Id. at 3).

Despite these repeated admissions of guilt, he now claims that he is not guilty of the § 924(c) offense. The Fourth Circuit has held, "[a] defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotations

5

omitted).  Accordingly, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Id. at 221 (internal quotations omitted).  Petitioner has not alleged extraordinary circumstances in this case.

Petitioner's claim that his counsel improperly advised him that his conduct was a violation of § 924(c) is based on a misapplication of United States v. Bailey, 516 U.S. 137 (1995).  In United States v. Lomax, 293 F.3d 701, 703 (4th Cir. 2002), the Fourth Circuit noted that "[i]n the wake of Bailey v. United States, 516 U.S. 137, (1995), Congress amended 18 U.S.C. § 924(c) to criminalize the 'possession' of a firearm 'in furtherance of' certain crimes." Accordingly, "use" of the firearm lying on his dashboard during the drug transactions was not required to sustain a conviction.  Thus, Petitioner has not established either prong of the Strickland test with respect to his claim that counsel was ineffective for advising him to plead guilty to the § 924(c) charge.  Petitioner's sworn statements that he was guilty made during his Plea and Rule 11 Hearing and at sentencing belie this claim.  Therefore, the record clearly shows that Petitioner is not entitled to relief on this claim and a hearing is not warranted.

      b.  Nature of Conspiracy

Petitioner next argues that his counsel was ineffective because he knew or should have known that the Court violated Rule 11(c) by accepting his guilty plea to the conspiracy charge when he was factually innocent of conspiring to distribute crack cocaine.  Petitioner asserts there was no factual basis to support his plea to the conspiracy charge because his conduct only amounted to a buyer-seller relationship.  As detailed above, Petitioner admitted his guilt at the plea and sentencing hearings and did not challenge the offense conduct detailed in the PSR which clearly established a factual basis for his plea.  Therefore, this claim is without merit.

c.      Voluntariness of Plea

Petitioner also challenges his guilty plea by claiming that it was involuntary because the PSR had not been produced at the time he entered his plea. Thus, he was unaware of the actual penalties he would face at sentencing. Petitioner was informed both in the Plea Agreement and during his Plea and Rule 11 hearing, that a PSR would be prepared after his guilty plea and that it would not be possible to determine his sentence until that was done. (Case No. 3:04c4296: Doc. No. 28: Plea Agreement at ¶8; Doc. No. 60: Rule 11 Hr'g Tr. at 6). Nevertheless, Petitioner chose to enter his plea. The Fourth Circuit has already concluded that the plea was knowing and voluntary. The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Thus, this issue previously decided on direct appeal cannot be recast in the form of a § 2255 motion. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

d.      Prior Convictions

Next, Petitioner argues that his counsel was ineffective for failing to object to paragraphs 38-41 of the PSR which list Petitioner's prior convictions. Specifically, Petitioner argues that the convictions listed in paragraphs 38, 39 and 40 were obtained without counsel and that the conviction listed in paragraph 41 is not his. However, the PSR notes that '[s]ince 1973 the North Carolina Courts have been statutorily required to notify all defendants who are potentially subject to any term of incarceration of their right to counsel. In all such North Carolina convictions, the defendant is presumed to have been represented by counsel or to have knowingly waived representation." (Case No. 3:04cr296, Doc. No. 32: PSR at 8). Petitioner has made no showing that he was deprived of his right to counsel or that he did not waive his right to counsel. Similarly, Petitioner has submitted no evidence to create a genuine issue of material

7

fact regarding whether he was the person convicted of the offense in paragraph 41. Thus, Petitioner has not shown that the sentence would have been more lenient but for counsel's alleged error and no hearing is required on this claim.

     e.  Cocaine Base and Crack

  Petitioner argues that his counsel was ineffective because he falsely advised Petitioner that conspiring to distribute "crack" was the same as conspiring to distribute "cocaine base." Title 21, United States Code, Section 841(b)(1)(A)(iii) provides the penalty for a defendant who violates § 846 in an offense involving "50 grams or more of a mixture and substance . . . which contains cocaine base." The Fourth Circuit has held that "cocaine base" and "crack cocaine" are interchangeable terms. United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006). In that decision, the court specifically declined to follow United States v. Brisbane, 367 F.3d 910 (D.C. Cir. 2004), on which Petitioner relies. Therefore, this issue is without merit.

    2.  Subject Matter Jurisdiction

  Likewise, Petitioner's claim that the Court lacked subject matter jurisdiction over his case because the federal drug statutes use the phrase "cocaine base" instead of the phrase "crack cocaine" is without merit. Additionally, Petitioner's claim is procedurally defaulted since it was not raised on direct appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation omitted). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent by clear and convincing evidence. United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999). In this case, Petitioner has not met his burden of establishing cause for failing to raise this claim on

8

direct appeal nor has he asserted actual innocence. Therefore, Petitioner has defaulted on this claim and collateral review is barred.

Moreover, even if the claim were not barred, it is precluded by the waiver clause in Petitioner's plea agreement. In his plea agreement, Petitioner specifically waived his right to challenge his conviction or sentence on collateral review, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or an improper sentence under limited circumstances not present here. (Case No. 3:04cr296, Doc. No. 28: Plea Agreement at ¶ 20). The Fourth Circuit recognized the enforceability of the waiver in this case in its decision on direct appeal. Accordingly, Petitioner has waived his right to challenge his conviction or sentence on this basis.

III.  CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED and DISMISSED**;

2. the Government's Motion for Summary Judgment (Doc. No. 7) is **GRANTED**; and

3. Petitioner's Motion for Evidentiary Hearing and for the Appointment of Counsel (Doc. No. 10) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge